UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br>1333 H Street, NW<br>Washington, D.C. 20005,<br><br>   *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION,<br>1200 New Jersey Avenue, SE<br>Washington, D.C. 20590; and<br><br>FEDERAL TRANSIT ADMINISTRATION,<br>1200 New Jersey Avenue, SE<br>Washington, D.C. 20590,<br><br>   *Defendants*. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendant U.S. Department of Transportation ("DOT" or the "Department") and its subcomponent, the Federal Transit Administration ("FTA"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Under the Trump Administration, the disbursement of Critical Infrastructure Grant ("CIG") awards—which are an essential part of the funding necessary for state and municipal transit projects—has dramatically slowed, despite full congressional appropriations requiring grant funding to be obligated.[1] This delay has raised concerns among industry

---

[1] *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, H.R. 1625, 650-651 ("For necessary expenses to carry out fixed guideway capital investment grants under section

observers that the Department is attempting to slow the construction of transit projects across the country, thereby raising costs for localities, and ultimately sabotaging the CIG program.[2]

3. The records Democracy Forward seeks will provide needed clarity into the Department's adherence to congressional directives to allocate funding to transit programs and any deliberate efforts to delay these funding allocations, and whether the Department has applied a formula for determining whether to approve certain grant applications that is contrary to law.

4. The Department and FTA have failed to comply with their obligations under FOIA, 5 U.S.C. § 552, to respond to Democracy Forward's FOIA requests within twenty business days.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Because Defendant has failed to comply with the applicable time limit provisions of FOIA, Democracy Forward is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

---

5309 of title 49, United States Code, $2,644,960,000 to remain available until September 30, 2021: *Provided*, That of the amounts made available under this heading, $2,252,508,586 shall be obligated by December 31, 2019"); *see also, e.g.*, Transportation for America, *Stuck in the Station*, http://t4america.org/transitfundingdelays/ (last visited Nov. 5, 2018).

[2] *See, e.g.*, Angie Schmitt, *Slowly and Stealthily, Trump's DOT Starves Transit Expansion Projects of Federal Funds*, Streetsblog USA (July 18, 2018), https://usa.streetsblog.org/2018/07/18/slowly-but-surely-trumps-dot-starves-transit-expansion-projects-of-federal-funds/.

## Parties

8. Plaintiff Democracy Forward Foundation is a non-partisan, non-profit organization headquartered in Washington, D.C. Democracy Forward's mission is to foster public awareness of government activity, thereby promoting accountability.

9. Defendant U.S. Department of Transportation is a federal agency within the meaning of FOIA (*see* 5 U.S.C. § 552(f)(1)) that is headquartered in Washington, D.C., and controls the records that Democracy Forward seeks.

10. Defendant Federal Transit Administration is a federal agency within the meaning of FOIA (*see* 5 U.S.C. § 552(f)(1)) that is headquartered in Washington, D.C., and controls the records that Democracy Forward seeks.

## Factual Allegations

11. Congress has charged the Department with supporting the development of transit and infrastructure through several mandatory programs. The CIG program, codified at 49 U.S.C. § 5309, is the Department's primary grant program for funding transit projects including heavy rail, commuter rail, light rail, streetcars, and bus rapid transit. The Transportation Infrastructure Finance and Innovation Act ("TIFIA") credit program, codified at 23 U.S.C. § 601 *et seq.*, provides loans to large-scale infrastructure projects. Additionally, the Railroad Rehabilitation and Improvement Financing ("RRIF") program, codified at 45 U.S.C. § 822, provides direct loans and loan guarantees to railroad infrastructure.

12. The Department's reluctance to implement the CIG program was first evidenced in the Department's Fiscal Year 2019 budget request to Congress. The Department sought to limit funding to ten existing infrastructure projects totaling $1.0 billion and to cease awarding

new grants.[3] Congress ultimately appropriated $2.6 billion and required the Department to obligate $2.25 billion by December 31, 2019.[4]

13.     In March and April 2018, Transportation Secretary Elaine Chao testified in hearings before House and Senate committees, in which she was questioned regarding the Department's disbursement of CIG funds and the status of state contributions in TIFIA loans and the RRIF program.

14.     In June 2018, the FTA released a "Dear Colleague" letter, encouraging project sponsors to seek private funding.[5] The letter further stated that "FTA considers [DOT] loans in the context of all Federal funding sources requested by the project sponsor when completing the CIG evaluation process, and not as separate from the Federal funding sources."[6]

15.     This apparent policy change has negative implications for project sponsors who receive federal loans through the TIFIA and RRIF programs. It increases the "federal share" of their projects, which adversely affects their competitiveness—and, in some cases, their eligibility—for CIG grants. Moreover, it appears to violate 23 U.S.C. § 603(b)(8), which specifically provides that TIFIA loans repayable from non-Federal funds are to be treated as non-Federal funding.

---

[3] DOT, *Budget Highlights: Fiscal Year 2019* 40 (2018), https://www.transportation.gov/sites/dot.gov/files/docs/mission/budget/304476/508-dot-bh2019.pdf.

[4] Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, H.R. 1625, 650-651.

[5] Letter from K. Jane Williams, Acting Adm'r, FTA (June 29, 2018), https://www.transit.dot.gov/sites/fta.dot.gov/files/docs/regulations-and-guidance/policy-letters/117056/fta-dear-colleague-letter-capital-investment-grants-june2018_0.pdf.

[6] *Id*.

16. This apparent policy change has raised red flags not only within the transit industry but among legislators, with Representatives Peter DeFazio and Eleanor Holmes Norton (Ranking Members of the Transportation and Infrastructure Committee and Highways and Transit Subcommittee, respectively) expressing their concern with the legality of this determination.[7]

17. Democracy Forward submitted three separate FOIA requests to the Department and FTA to understand deliberations at the Department surrounding its funding of transit projects.

### Democracy Forward's FTA Request

18. On August 27, 2018, Democracy Forward submitted a request for:

> Any and all records, including attachments, whose sender(s) or recipient(s) include (1) staff within the FTA Office of Communications and Congressional Affairs, and (2) congressional staff who use "@shuster.house.gov," "@thune.senate.gov," "@mail.house.gov", or "@commerce.senate.gov" in which any of the following terms appear: "Rail," "Indianapolis," "red line," "BRT," "Pence," "VP," "Agen," "Short," "Hodgson," "Meeks," "Makin," "Castillo," "Hiler," "Czarniecki," "Ayers," "Indiana," "Albuquerque," "Central Avenue," "Dallas," "DART," "Red & Blue Line," "El Paso," "Jacksonville," "Los Angeles," "LA," "LTR," "Minneapolis," "Canarsie," "Orange County," "Reno," "Sacramento," "Seattle," "South Shore," "St. Petersburg," or "Tempe."
>
> The time period for this request is January 20, 2017, to the date the search is conducted.

*See* Ex. A.

---

[7] Letter from Peter DeFazio, Ranking Member, Transp. and Infrastructure Comm., and Eleanor Holmes, Ranking Member, Highways and Transit Subcomm., to Elaine Chao, Sec'y, DOT (July 17, 2018), available at https://democrats-transportation.house.gov/news/press-releases/defazio-norton-slam-trump-administration-efforts-to-slow-down-transit-projects.

Democracy Forward's First DOT Request

19. On August 27, 2018, Democracy Forward submitted a request for:

> Any and all records, including attachments, whose sender(s) or recipient(s) include (1) staff within the Department of Transportation Office of the Secretary (OST) Office of Governmental Affairs, Office of the Under Secretary for Policy, or office of Public Affairs, and (2) congressional staff who use "@shuster.house.gov," "@thune.senate.gov," "@mail.house.gov", or "@commerce.senate.gov" in which any of the following terms appear: "Rail," "Indianapolis," "red line," "BRT," "Pence," "VP," "Agen," "Short," "Hodgson," "Meeks," "Makin," "Castillo," "Hiler," "Czarniecki," "Ayers," "Indiana," "Albuquerque," "Central Avenue," "Dallas," "DART," "Red & Blue Line," "El Paso," "Jacksonville," "Los Angeles," "LA," "LTR," "Minneapolis," "Canarsie," "Orange County," "Reno," "Sacramento," "Seattle," "South Shore," "St. Petersburg," or "Tempe."
>
> The time period for this request is January 20, 2017, to the date the search is conducted.

*See* Ex. B.

Democracy Forward's Second DOT Request

20. On September 18, 2018, Democracy Forward submitted a request for:

> (1) Communications, including attachments, between the Department of Transportation and members of Congress or their staff, including committee staff, regarding the treatment of federal loans for purposes of calculating the federal share of CIG projects or potential CIG projects, including, but not limited to, communications discussing the federal share for specific CIG projects or potential CIG projects.
>
> (2) Communications, including attachments, between the Department of Transportation and representatives of CIG project sponsors and potential CIG project sponsors, regarding the treatment of federal loans for purposes of calculating the federal share of CIG projects or potential CIG projects, including, but not limited to, communications discussing the federal share for specific CIG projects or potential CIG projects.
>
> (3) All records reflecting the Department of Transportation's treatment of federal loans for purposes of calculating the federal share of CIG projects or potential CIG projects, including, but not limited to, records discussing the federal share for specific CIG projects or potential CIG projects.

(4) Final talking points and other briefing documents prepared for Secretary Chao's above-referenced hearing testimony on March 1, 2018, and April 12, 2018, pertaining to the method of calculating the applicable federal share for CIG projects or potential CIG projects.

(5) Communications, including attachments, discussing changes to language describing TIFIA loans on the FHWA website, including changes from the phrasing "TIFIA, the proceeds of a secured TIFIA loan, will be used for any non-federal share of project costs required under Title 23 or Chapter 53, Title 49" to "The proceeds of a secured TIFIA 3 loan may be used for any non-Federal share of project costs required under Title 23 or Chapter 53 of Title 49, if the loan is repayable from non-Federal funds."

The time period for this request is January 20, 2017, to the date the search is conducted. For purposes of this request, "federal loans" includes, but is not limited to, loans provided pursuant to the Transportation Infrastructure Finance and Innovation Act ("TIFIA") program or the Railroad Rehabilitation and Improvement Financing ("RRIF") program.

*See* Ex. C.

21. Defendants have failed to produce any records, demonstrate that any records are exempt from production, or identify unusual circumstances justifying their failures to comply with their statutory and regulatory requirements

## **Count One - Defendant DOT**
## **(Violation of the FOIA, 5 U.S.C. § 552)**

22. In its failure to respond to Democracy Forward's two DOT FOIA Requests within the statutory deadline of twenty business days, Defendant DOT has failed to meet its obligations under FOIA.

## **Count Two - Defendant FTA**
## **(Violation of the FOIA, 5 U.S.C. § 552)**

23. In its failure to respond to Democracy Forward's FTA FOIA Request within the statutory deadline of twenty business days, Defendant FTA has failed to meet its obligations under FOIA.

**Request for Relief**

WHEREFORE, Plaintiff Democracy Forward Foundation respectfully requests that this Court:

1. order Defendants to conduct searches for any and all records responsive to Democracy Forward's FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;

2. order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

4. order Defendants to grant Democracy Forward's request for a fee waiver;

5. award Democracy Forward its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant Democracy Forward such other relief as this Court deems just and proper.

| | |
|---|---|
| Dated: November 15, 2018 | Respectfully submitted,<br><br>*/s/ Nitin Shah*<br>Javier M. Guzman (D.C. Bar No. 462679)<br>Nitin Shah (D.C. Bar No. 156035)<br>Jeffrey B. Dubner (D.C. Bar No. 1013399)<br>Democracy Forward Foundation<br>1333 H Street, NW<br>Washington, D.C. 20005<br>(202) 448-9090<br>jguzman@democracyforward.org<br>nshah@democracyforward.org<br>jdubner@democracyforward.org<br><br>*Counsel for Plaintiff* |